O’NIELL, Chief Justice.
 

 The defendant stands convicted of the crime of robbery and sentenced to imprisonment in the penitentiary for five years. He is appealing from the conviction and sentence. The appeal is founded upon the overruling of a motion in arrest of judgment.
 

 The defendant in his motion contended that the indictment did not accuse him of the crime of robbery. In his brief in this court he amplifies his plea by arguing that the indictment did not accuse him of any crime, and that if the indictment could be construed as accusing him of an offense it would be only an assault, which, being a misdemeanor, was not triable by a jury. He argues that in other respects the wording of the indictment is so confusing and "so jumbled up”, as he says, that it has no meaning. The complaint is founded upon the fact that in the wording of the indict-* ment the writer placed his verbs after and far away from the nouns to which they refer, as their objects — thus:
 

 “That one Billie D. Cooper, late of the Parish of Richland, * * * in the Parish of Richland, * * * in and upon one, O. A. Mayes feloneously did make an assault and the said O. A. Mayes in bodily fear and danger did then and there feloneously put, and the sum of Eighteen and no/100 ($18.00) Dollars in cash, in the lawful money of the United States of America, and one check in the amount of Three and 25/100 ($3.25) Dollars, in the lawful money of the United States of America, of the goods, chattels, money and property of Economy Oil Co., Inc., a Louisiana corporation, from the person and immediate presence and against the will of him, the said O. A. Mayes, then and there feloneously and violently did steal, take and carry away the same, contrary to the form of the statute of the State of Louisiana in such case made and provided and against the peace and dignity of the same.”
 

 An analysis of the indictment leaves no doubt that it charges not only that the defendant feloneously did make an assault upon O. A. Mayes, on the date mentioned, but also that the defendant-then and there feloneously did put Mayes in bodily fear and danger, and then and there feloneously and violently did steal, take and carry away from the person and possession and immediate presence of Mayes the sum of eighteen dollars in cash and a check for three dollars and twenty-five cents, all in the lawful money of the United States of America, which money and check belonged to the Economy Oil Company, Inc. That is a valid indictment for robbery. The crime is defined at com
 
 *1043
 
 mon law as the feloneous taking of money or goods of value from the person of another or in his presence, against his will, hy violence or putting him in fear. Ballentine’s Law Dictionary, 1152, 1153; 23 R. C.L. 1139.
 

 It might be better if indictments and bills of information were written in a style so simple that a reader could understand them easily. But we must not forget that grand juries and district attorneys are disposed to adhere to the ancient forms of procedure, which are made venerable by iisage. We are not yet prepared to annul indictments and bills of information for hot being written in a style more modern or more readable than that which characterizes most of them today. So long as the wording of a bill of indictment or information is understandable and unambiguous it should not be held invalid for’ want of a better style of expression.
 

 The verdict and sentence are affirmed.